UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | No. 3:12-CR-00150 |
| ) | Chief Judge Haynes |
| LISA CRAWFORD JUSTICE ) | |

**ORDER OF FORFEITURE CONSISTING
OF A $108,204.58 MONEY JUDGMENT**

Based on the representations and agreements of the Government and Defendant Lisa Crawford Justice at the plea hearing in this matter and as evidenced by the Plea Agreement entered into between the parties, the Court finds as follows:

**WHEREAS**, on August 2, 2012, the Government filed an Indictment charging Defendant Lisa Crawford Justice with violations of 18 U.S.C. § 656 (embezzlement by bank employee);

**WHEREAS**, the forfeiture allegation of the Indictment gave notice to Lisa Crawford Justice that, upon conviction of the embezzlement charge alleged in the Indictment, she would be required to forfeit, pursuant to 18 U.S.C. § 982(a)(2), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations, including but not limited to a money judgment in the minimum amount of $108,204.58 as proceeds of the embezzlement by a bank employee offense;

**WHEREAS**, the forfeiture allegation of the Indictment also gave notice to Defendant Lisa Crawford Justice that in the event the $108,204.58 in proceeds, as a result of any act or omission of LISA CRAWFORD JUSTICE:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third party;
    c.    has been placed beyond the jurisdiction of the court;
    d.    has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and intends, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of Defendant Lisa Crawford Justice up to $108,204.58;

**WHEREAS,** Defendant Lisa Crawford Justice has entered into a Plea Agreement with the United States wherein she has pled guilty to the Indictment;

**WHEREAS,** Defendant Lisa Crawford Justice further acknowledges in her Plea Agreement that $108,204.58 is subject to forfeiture because these funds constitute proceeds of the violation alleged in the Indictment; and

**WHEREAS,** Defendant Lisa Crawford Justice, via her Plea Agreement, consents to the entry of a money judgment prior to sentencing in the amount of $108,204.58.

Now, therefore, based upon the signed Plea Agreement, this Court makes the following findings:

1. There is a preponderance of the evidence that the proceeds of the violations as set forth in the offenses to which Defendant Lisa Crawford Justice has pled guilty in this matter are $108,204.58.

2. $108,204.58 is subject to forfeiture as property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the embezzlement by a bank employee charge alleged in the Indictment.

3. As a result of Defendant Lisa Crawford Justice's act(s) or omission(s), the $108,204.58 in proceeds obtained as a result of the embezzlement by a bank employee charge to which Defendant Lisa Crawford Justice has pled guilty, either cannot be located upon the

2

exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), the United States is entitled to forfeiture of substitute property up to $108,204.58.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

A. An Order of Forfeiture Consisting of a Money Judgment in the amount of $108,204.58 ("Order of Forfeiture") is hereby taken against Defendant Lisa Crawford Justice as to the Indictment. Pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b)(4), the Order of Forfeiture consisting of a Money Judgment shall become immediately final as to the defendant, by her consent, and shall be made part of the sentence and included in the judgment. Pursuant to Rule 32.2(c)(1), ". . . no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

B. It is Ordered that the United States may engage in discovery in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify additional substitute assets having a value up to $108,204.58 as authorized by 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq*.

C. It is Ordered that the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of a $108,204.58 Money Judgment to include substitute property having a value not to exceed in total $108,204.58 United States currency to satisfy the Money Judgment in whole or in part.

D.  Upon payment of the Money Judgment in full, the United States shall file a satisfaction of judgment as to the money judgment with the District Court and the appropriate clerk of the county in which any transcript or abstract of the judgment has been filed.

E.  Insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, then Defendant shall remain personally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of $108,204.58 plus statutory interest is made in full as to either money judgment.

F.  The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this ___ day of September, 2013.

WILLIAM J. HAYNES, JR.
United States Chief District Judge